## Commonwealth v. Smith

*H. Lyle Houpt*, assistant district attorney, for Commonwealth.

*W. Edward Bushong, Jr.*, for defendant.

CORSON, J., November 12, 1954.—Defendant-petitioner, hereinafter referred to as Smith, on September 21, 1954, was found guilty before a justice of the peace under the Vagrancy Act of May 8, 1876, P. L. 154, and sentenced to the county prison for a period of six months.

On October 13, 1954, Smith presented a petition for an appeal from such conviction. A rule having

been granted upon the district attorney, an answer was filed to such rule raising the single issue of whether or not the petition for allowance of appeal was filed too late. The Act of April 17, 1876, P. L. 29, provides that petitions for allowance of appeal from summary conviction must be made within five days in the court of quarter sessions. The Act of June 3, 1953, P. L. 272, extends from 5 to 10 days the time for filing petition for allowance of appeal from summary conviction. This act, under its title, amends the Act of April 17, 1876, P. L. 29, but does not mention the Vagrancy Act of May 8, 1876, P. L. 154, supra. The Vagrancy Act, supra, provides, inter alia, that any person or persons who shall conceive "him, her, or themselves aggrieved by any act, judgment or determination of any Justice of the Peace . . . in *and concerning the execution of this act, may appeal* to the present or next general Quarter Sessions of the City or County, giving reasonable notice thereof, whose orders thereon shall be final." (Italics supplied.)

This act covers only the subject of vagrancy and apparently allows an appeal as a matter or right. The earlier Act of April 17, 1876, P. L. 29, approved less than a month before the Vagrancy Act, certainly was not intended to limit the right of appeal under the Vagrancy Act. The Act of 1953 merely lengthens the time allowed for filing petition for allowance of appeal. We feel that the legislature, having passed the Vagrancy Act and the Summary Convictions Appeal Act at the same session of the legislature, must have intended to allow special appeal privileges in vagrancy cases. We do not feel that the acts amending the earlier Act of 1876 can be construed as affecting defendant's rights under the Vagrancy Act.

Since the September term began on September 13, 1954, and runs until Monday, November 1, 1954, the appeal was filed during the September term and was

in time under that act. We therefore enter the following order:

And now, November 12, 1954, the rule is made absolute and appeal allowed as prayed.